IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY LEE KLEINER,

    **Plaintiff,**

    v.                                                 CASE NO. 18-3147-SAC

BRIAN W. COLE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On October 10, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until November 9, 2018, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also granted until November 9, 2018, in which to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has responded to the MOSC (Docs. 8, 19), filed an Amended Complaint (Doc. 9), and filed a Motion for Appointment of Counsel (Doc. 7).

Plaintiff asks the Court to appoint counsel because he is indigent, the issues involved are complex,[1] and Plaintiff has limited knowledge of the law and limited access to legal materials. The Court has considered Plaintiff's current motion for appointment of counsel. The Court previously denied Plaintiff's request for appointment of counsel. (Doc. 6.) The Court denies the current request for appointment of counsel for the same reasons sets forth in the Court's MOSC. *Id.* at 7. The Court previously denied Plaintiff's request for appointment of counsel, finding that

---

[1] Plaintiff argues that the case is complex because it involves the death penalty. (Doc. 9, at 10.) The fact that he was communicating with someone sentenced to death does not make the current case a complex case or a death penalty case.

1

"(1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments." *Id*.

The factual allegation in Plaintiff's Amended Complaint are substantially the same as those he set forth in his original Complaint. The Court noted in the MOSC that although Plaintiff is currently incarcerated at the El Dorado Correctional Facility-Central, in El Dorado, Kansas, the events giving rise to his Complaint took place during his detention at the Shawnee County Adult Detention Center in Topeka, Kansas ("SCDC").

Plaintiff alleges that he had authorization from Defendant Brian Cole and Jody Upton from the Department of Justice, to send inmate-to-inmate correspondence to his sister, an inmate on death row in Texas. Despite this prior authorization from both facilities, his mail to his sister was returned with a red "prohibited" stamp on May 11, 2018. Plaintiff alleges that this was the second incident involving his mail since April 20, 2018. On June 8, 2018, Defendant Angie Ross, mailroom staff at SCDC, met with Plaintiff regarding the situation. Plaintiff alleges that Ross apologized and "admits her mailroom lady is going to get written up since she continues to stamp prohibited in red on [Plaintiff's] letters." (Doc. 1, at 3.) Plaintiff attaches a response from Defendant Ross stating that she apologizes if the mailroom sent his letters back in error, and that she will "urge mailroom staff to be more careful." (Doc. 1–1, at 2.)

Plaintiff names as Defendants: Brian W. Cole, Director of Shawnee County Department of Corrections; Angie Ross, Administrative Officer/Mailroom, Shawnee County Department of Corrections; the City of Topeka; and the Shawnee County Department of Corrections. In his original Complaint, Plaintiff sought $500,000 in monetary damages. In his Amended Complaint,

Plaintiff seeks $150,000 for "mental damages, distress" and "emotional and mental injury." (Doc. 9, at 13.)

The Court's MOSC set forth the deficiencies in Plaintiff's Complaint. The Court found that: Plaintiff has pointed to no policy or deficiency in the training program used at SCDC and no causal link between any such inadequacy and any allegedly unconstitutional acts or inactions of employees at SCDC; Plaintiff has also failed to allege a constitutional violation—his allegations suggest negligence on the part of mailroom staff at SCDC and claims under § 1983 may not be predicated on mere negligence; because Plaintiff has not alleged improper motive or interference with access to the courts or counsel, he has failed to allege a constitutional violation and his claim is subject to dismissal; and Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.

Plaintiff's Amended Complaint and responses to the MOSC fail to address the deficiencies set forth in the MOSC and fail to show good cause why this matter should not be dismissed for failure to state a claim. Plaintiff again emphasizes that he had prior approval to correspond with his sister, and that Defendant Ross's apology letter acknowledged that mistakes had been made in the mailroom. However, Plaintiff's allegations suggest, at most, negligence. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1162 (10th Cir. 2007) (where publication was not delivered due to human error, such negligence does not state a § 1983 claim) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("Liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant, and not on negligence.") (quotations omitted); *Woodward*

*v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence.") (quotations and citations omitted); *see also Smith*, 899 F.2d at 944 (finding prison official's opening of inmate's legal mail by accident did not give rise to a constitutional violation because it was an isolated incident and there was no evidence of improper motive or resulting interference with the inmate's right to counsel or access to courts)); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation).

Plaintiff states that he suffered "mental anguish," "mental distress," or an "emotional injury." Plaintiff is again seeking compensatory damages without an allegation of a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff also argues that his grievance form was not returned to him so he is unable to prove exhaustion of his administrative remedies. However, failure to exhaust was not one of the deficiencies set forth in the MOSC and dismissal of this case is based on the failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for appointment of counsel (Doc. 7) is **denied.**

**IT IS FURTHER ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 16th day of November, 2018.**

s/ Sam A. Crow
Sam A. Crow
U.S. Senior District Judge
